IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL C. THOMPSON, JR., | ) | |
|     Plaintiff, | ) | Case No. 7:20-cv-00453 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| P. SCARBERRY, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## ORDER

This case was created as a result of an order severing certain claims included in a complaint filed by Paul C. Thompson, Jr., a Virginia inmate proceeding pro se. On October 1, 2021, Defendant P. Scarberry moved to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 56.) That same day, the Commonwealth of Virginia filed a motion to dismiss under Rule 12(b)(1). (ECF No. 54.) Thompson subsequently filed a motion for extension of time to respond to the motions to dismiss. (ECF No. 68.) By oral order entered November 12, 2021, United States Magistrate Judge Joel C. Hoppe granted the motion for extension of time and directed Thompson to respond to the motions to dismiss no later than December 3, 2021. (ECF No. 69.) The case is now before the court on Thompson's objections to that order, as well as his new motion for an additional thirty-day extension of time. (ECF Nos. 71 and 73.)

Because the oral order entered by Judge Hoppe did not dispose of any existing claims, the court's consideration of Thompson's objections is governed by Federal Rule of Civil Procedure 72(a). Under this rule, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P.

72(a); see also 28 U.S.C. § 636(b)(1)(A). Under the "clearly erroneous" standard, "[a] district court should reverse a magistrate judge's decision . . . only if the district court is left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." United Mktg. Sols., Inc. v. Fowler, No. 1:09-cv-01392, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted).

Having reviewed the record, the court concludes that Judge Hoppe's previous order is not clearly erroneous or contrary to law. In short, Judge Hoppe did not err in issuing an oral (rather than written) order on the motion for extension of time. Nor did he err in giving Thompson an additional twenty-one days to respond to both motions to dismiss. Accordingly, Thompson's objections are **OVERRULED**.

To the extent Thompson now seeks an additional thirty-day extension of time, the motion is **DENIED**. Thompson has now had well over three months to respond to the motions to dismiss filed by Scarberry and the Commonwealth of Virginia. The extension granted by Judge Hoppe expired nearly two months ago, and Thompson has not shown good cause for an additional thirty-day extension. The court will require Thompson to respond to the motions to dismiss within fourteen days of the date of entry of this order. Failure to comply with this order will result in the dismissal of this action without prejudice.

For these reasons, it is hereby **ORDERED** as follows:

1. Thompson's objections to the oral order granting his motion for extension of time (ECF No. 71) are **OVERRULED**;

2. Thompson's motion for an additional thirty-day extension of time (ECF No. 73) is **DENIED**; and

3. Thompson is required to file any response to the pending motions to dismiss within fourteen days of the date of entry of this order. Failure to comply with this order will result in the dismissal of this action without prejudice.

It is so **ORDERED**.

Entered: January 27, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.27 11:59:38
-05'00'

Michael F. Urbanski
Chief United States District Judge