IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL C. THOMPSON, JR., )<br>  Plaintiff, ) | Case No. 7:20-cv-00453 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| P. SCARBERRY, et al., ) | Chief United States District Judge |
|   Defendants. ) | |

## MEMORANDUM OPINION

This case was created in August 2020 as a result of an order severing certain claims included in a complaint filed by Paul C. Thompson, Jr., a Virginia inmate proceeding pro se. For the following reasons, the case will be dismissed without prejudice for failure to comply with prior orders.

## Background

On July 23, 2021, Thompson filed a second amended complaint against P. Scarberry, J. Bledsoe, Nurse Practitioner Dickenson, and the Commonwealth of Virginia. Bledsoe subsequently filed a notice of intent to rely on a prior motion for summary judgment. By order entered August 10, 2021, the court directed the Clerk to redocket the prior motion as a renewed motion for summary judgment and to issue a Roseboro* notice to Thompson. (ECF No. 40.) That same day, the Clerk mailed a notice advising Thompson that he had 21 days to submit any affidavits or other relevant evidence in response to the motion. (ECF No. 42.) The notice included the following warning:

---

* See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (holding that a pro se plaintiff must be informed of the potential consequence of summary judgment proceedings and his right to file responsive materials).

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

(<u>Id.</u>) (emphasis in original).

Thompson subsequently filed several documents suggesting that he would need a copy of Bledsoe's renewed motion for summary judgment in order to respond to the motion. The court construed the filings as a request for a copy of the motion and for an extension of time to file a response. (ECF No. 72.) On December 16, 2021, the court granted the request for extension of time and directed the Clerk to send Thompson another copy of Bledsoe's motion for summary judgment, along with all attachments. (<u>Id.</u>) The court directed Thompson to file a response to the motion within 21 days and advised him that the case may be dismissed for failure to prosecute if he did not file a response within the 21-day period. (<u>Id.</u>) The 21-day period expired more than a month ago, and Thompson has not filed a response to Bledsoe's motion.

Thompson has also failed to respond to motions to dismiss filed by P. Scarberry and the Commonwealth of Virginia. On October 4, 2021, the Clerk issued a <u>Roseboro</u> notice similar to the notice mailed on August 10, 2021, which warned Thompson that the case may be dismissed if he did not respond to the motions to dismiss within 21 days. (ECF No. 58.) Thompson subsequently filed a motion for extension of time to respond to the motions to dismiss. (ECF No. 68.) That motion was granted on November 12, 2021, and Thompson

2

was directed to respond to the motions no later than December 3, 2021. (ECF No. 69.) Rather than doing so, Thompson filed objections to that order. (ECF No. 71.) By order entered January 27, 2022, the court overruled the objections and advised Thompson that he was required to file any response to the pending motions to dismiss within 14 days. (ECF No. 74.) The court warned Thompson that "[f]ailure to comply with this order will result in the dismissal of this action without prejudice." (Id.) The 14-day period has expired, and the court has received no further filings from Thompson.

## Discussion

"The Federal Rules of Civil Procedure recognize that courts must have authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks and citation omitted). The propriety of an involuntary dismissal ultimately depends on the particular circumstances of the case. Ballard, 882 F.2d at 95.

Under the circumstances presented here, the court finds that dismissal is appropriate. The defendants' dispositive motions were filed more than four months ago. Despite receiving extensions, Thompson has not responded to any of the motions. He was expressly warned on multiple occasions that failing to respond to the defendants' motions within the time provided would be cause for dismissal of the action without prejudice. Consequently,

Thompson's noncompliance warrants involuntary dismissal. See Ballard, 882 F.2d at 96 (finding that dismissal was the appropriate sanction where the pro se litigant disregarded a court order despite being warned that failure to comply would result in dismissal, and noting that "[a]ny other course would have placed the credibility of the court in doubt and invited abuse").

## Conclusion

For the reasons stated, this case will be dismissed without prejudice for failure to comply with prior orders, and all pending motions will be denied without prejudice as moot. An appropriate order will be entered.

Entered: February 18, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.02.18 10:38:55
-05'00'

Michael F. Urbanski
Chief United States District Judge